## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DESMOND TENENG,

      Petitioner,

    v.                                                                    No. 2:26-cv-00601-SMD-LF

TODD BLANCHE, in his official
capacity as Attorney General of the United
States, DORA CASTRO, Warden of the Otero
Processing Center;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland
Security; MARY DE ANDA YBARRA in her
Official capacity as Field Office Director, ICE
El Paso Field Office.

      Respondents.


## **ORDER LIFTING STAY OF TRANSFER**

This matter came before the Court on Respondents' Emergency Motion to Lift Order Enjoining Transfer.   Doc. 13.   After reviewing the motion, response, and relevant law, the Court lifts the stay of transfer.

Petitioner concedes that his detention is governed by Section 1231 once his removal order became administratively final on April 30, 2025.   *See* Doc. 1 ¶ 11.   Under *Zadvydas*, after the six-month presumptively constitutional detention period, if a noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."   *Zadvydas v. Davis*, 533 U.S. 678, 701; *Ramirez v. Dedos*, No. 1:26-CV-01202-KG-GJF, 2026 WL 1679430, at *2 (D.N.M. June 10, 2026).

Petitioner fails to carry that burden here.   As Respondents demonstrate in their Emergency Motion to Lift Order Enjoining Transfer (Doc. 13), removal is not only foreseeable

but already scheduled within the presumptively constitutional detention period.   Additionally, Respondents are removing Petitioner to Equatorial Guinea on a charter flight.   Doc. 13 at 1. This alternative destination is consistent with Petitioner's withholding of removal to Cameroon.

**IT IS THEREFORE ORDERED** that the Court's stay of transfer is **LIFTED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

2